NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAJENDER SINGH,<br><br>    Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>    Respondent. | No. 15-70184<br><br>Agency No. A088-717-769<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017[**]

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Rajender Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-1040 (9th Cir. 2010), and we review de novo claims of due process violations in immigration proceedings, *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency as to whether Singh was arrested in India. *See Shrestha*, 590 F.3d at 1046-47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). In the absence of credible testimony, in this case, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Singh's CAT claim also fails because it is based on the same statements found not credible, and Singh does not point to any evidence that compels the finding that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to India. *See Shrestha*, 590 F.3d at 1048-49.

Finally, we reject Singh's contentions as to the IJ's denial of his request for a change of venue, and his contention that he lacked competent interpretation. *See*

*Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETTION FOR REVIEW DENIED.**